**Not for Publication**

RECEIVED
JAN 16 2015
AT 8:30_____M
WILLIAM T WALSH CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PETER INGRIS,

    Plaintiff,

v.

BANK OF AMERICA, et al.,

    Defendants.

Civil Action No. 14-3726 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court upon multiple motions: (1) Defendant First Data Corporation's ("First Data") motion to dismiss for failure to state a claim (ECF No. 12); (2) Defendant Bank of America's motion to strike Plaintiff Peter Ingris's ("Mr. Ingris") jury demand (ECF No. 13); (3) Mr. Ingris's cross-motion to strike Bank of America's and Fitzsimmons Reporting's ("Fitzsimmons") Answers (ECF No. 17); and (4) Mr. Ingris's application for a preliminary injunction, styled as a motion for reconsideration (ECF No. 27). The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, and for other good cause shown, Mr. Ingris's application for a preliminary injunction is denied. In addition, Counts One, Two, Three, and Four of Mr. Ingris's Complaint are dismissed with prejudice for failure to state a claim, and this case is remanded to the Superior Court of New Jersey.

## I. Background[1]

On May 20, 2014, Mr. Ingris filed a complaint in the Superior Court of New Jersey, Somerset County, against Defendants Bank of America, First Data, and Fitzsimmons (collectively, "Defendants"). On May 21, 2014, The Honorable Yolanda Ciccone, A.J.S.C., issued an Order to Show Cause for Preliminary Temporary Interlocutory Injunction and set a hearing date for June 30, 2014 ("State TRO"). (ECF No. 9-1.) The State TRO was issued *ex parte* and stated it expired within thirty-five days of its issuance (*i.e.*, June 25, 2014), or pending a hearing and final resolution of the preliminary injunction, whichever occurred first. (*Id.*) The State TRO temporarily restrained Defendants from withdrawing or collecting funds from Mr. Ingris, from placing any record with any credit reporting agency, and from enforcing policies of racial profiling or defaming Mr. Ingris. (*Id.*) On June 11, 2014, this action was removed to this Court by all Defendants pursuant to 28 U.S.C. § 1441(a).

Through his thirteen-count Complaint, Mr. Ingris alleges, as to all Defendants: (1) violation of 18 U.S.C. § 1962 under the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (2) violation of 42 U.S.C. § 1981; (3) violation of 42 U.S.C. § 1985; (4) violation of 42 U.S.C. § 1986; (5) intentional infliction of emotional distress; (6) false light invasion of privacy; (7) equitable relief by way of interlocutory injunction; (8) tortious interference; and (9) concert of action and confederation. (ECF No. 1-1.) Mr. Ingris seeks $110,000,000 in compensatory damages, as well as punitive, special, and consequential damages, interest, costs of suit, and attorney's fees. (*Id.*)

---

[1] Mr. Ingris is a litigant in a number of cases that were either disposed of or are pending in the United States District Court of New Jersey. This Court's recent Opinion in *Elias Mallouk Realty v. Peter Ingris, et al.*, 14-4305(MAS)(DEA), outlines these cases and is incorporated in this Order to the extent relevant.

On July 2, 2014, First Data filed a motion to dismiss Mr. Ingris's Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 12.) Also on July 2, 2014, Bank of America filed a motion to strike Mr. Ingris's jury demand. (ECF No. 13.) On July 15, 2014, Mr. Ingris filed opposition to both First Data and Bank of America's motions, as well as a cross-motion to strike Bank of America and Fitzsimmon's Answers. (ECF No. 17.) On December 1, 2014, Mr. Ingris filed a motion for reconsideration.[2] (ECF No. 27.)

## II. Application for a Preliminary Injunction

"Whenever any action is removed from a State court to a district court of the United States . . . [a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. After removal, the district court "takes the case up where the State court left it off." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 436 (1974) (quoting *Duncan v. Gegan*, 101 U.S. 810, 812 (1879)). "[O]nce a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal." *Id.* at 437. "Section 1450 implies as much by recognizing the district court's authority to dissolve or modify injunctions, orders, and all other proceedings had in state court prior to removal." *Id.*; *see also In re Diet Drugs*, 282 F.3d 220, 232 (3d Cir. 2002). Specifically, a temporary restraining order entered prior to removal remains in effect and is governed by Rule 65 of the Federal Rules of Civil Procedure from the date

---

[2] The "motion for reconsideration" is, in effect, Mr. Ingris's request to expedite consideration of a preliminary injunction application included in his July 15, 2014 cross-motion. Mr. Ingris titled his cross-motion "Notice of Cross-Motion to Bank of America's Motion to Strike Jury Demand and to First Data's Motion to Dismiss Complaint and of Motion to Strike Bank of Amerika's [sic] and Fitzsimmons Reporting's Answers." Although his brief exceeds the page limits provided in Local Civil Rule 7.1(h), the Court will consider the submission.

3

of removal. *See Granny Goose Foods, Inc.*, 415 U.S. at 438. Thus, unless a temporary restraining order is extended, it expires no later than fourteen days after the date of removal. Fed. R. Civ. P. 65(b)(2); *Granny Goose Foods, Inc.*, 415 U.S. at 440 n.15. Here, the State TRO expired on June 25, 2014, and Mr. Ingris never filed a motion to extend the State TRO. At the earliest, Mr. Ingris filed a motion for a preliminary injunction on July 15, 2014. Accordingly, the State TRO is dissolved.

Preliminary injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). The Third Circuit has further instructed that a party seeking an injunction must meet all four factors, as a movant's "failure to establish any element in its favor renders a preliminary injunction inappropriate." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) (reasonable likelihood of success, irreparable harm, public interest, and balance of hardships). "The availability of adequate monetary damages belies a claim of irreparable injury." *Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988). Mr. Ingris's action is primarily concerned with charges by Fitzsimmons against Mr. Ingris's Bank of American debit card account and reports by First Data on Mr. Ingris's credit rating. Mr. Ingris has failed to sufficiently demonstrate that these claims cannot be adequately remedied by monetary damages. Accordingly, Mr. Ingris's application for a preliminary injunction is denied.

### III.    Motion to Dismiss Pursuant to Rule 12(b)(6)

Mr. Ingris's Complaint asserts claims against all Defendants for violation of 42 U.S.C. §§ 1981, 1985, 1986, and 18 U.S.C. 1962 (RICO). First Data moved to dismiss these claims, among others, pursuant to Rule 12(b)(6) for failure to state a claim. All of Mr. Ingris's federal claims must be dismissed because the Complaint does not plead facts sufficient to raise a plausible

4

right to relief under federal law. Furthermore, Mr. Ingris's state law claims will be remanded because it is within the Court's discretion whether to exercise supplemental jurisdiction after all federal claims have been dismissed.

### A.    Standard of Review

When considering a motion to dismiss for failure to state a claim, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Last, once the well-pleaded facts have been identified and the conclusory allegations disregarded, a court must determine whether the "facts alleged in the complaint are sufficient to show the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). It is a defendant's burden to show that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

### B.    Mr. Ingris Has Not Raised a Plausible Federal Claim

Mr. Ingris has attempted to bring federal civil rights claims pursuant to 42 U.S.C. §§ 1981, 1985, and 1986. He also alleges that Defendants' actions violated RICO.

§ 1981 "prohibits racial discrimination in the making and enforcement of contracts and property transactions." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 796 (3d Cir. 2001). To state a claim under § 1981, a plaintiff "must allege facts in support of the following elements: (1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts." *Id.* at 797 (citation omitted).

5

§ 1985 prohibits conspiracies to deprive individuals of civil rights. To state a claim under § 1985, a plaintiff "must allege a conspiracy, motivated by a discriminatory based animus, for the purpose of depriving any person or class of the equal protection of the law and an act in furtherance of the conspiracy, whereby a person is injured." *Lee-Patterson v. N.J. Transit Bus Operations, Inc.*, 957 F. Supp. 1391, 1403 (D.N.J. 1997). Similarly, a claim under § 1986 must be based on a valid § 1985 conspiracy. *See Rogin v. Bensalem Twp.*, 616 F.2d 680, 696 (3d Cir. 1980); *Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994). A valid RICO claim must be based on one of the predicate criminal offenses listed in 18 U.S.C. § 1962, or a conspiracy to commit such an offense. 18 U.S.C. §§ 1962, 1964(c).

After stripping away the bald assertions and legal conclusions in the Complaint, Mr. Ingris has not pled facts sufficient to raise a plausible claim under any of these federal statutes. The core of Mr. Ingris's Complaint is that First Data refused to remove a negative entry on his credit report for failure to pay fees due under an Equipment Lease and that Fitzsimmons made unauthorized charges to his Bank of America debit card and the associated overdraft fees assessed by Bank of America. Mr. Ingris alleges that these events are part of a "sophisticated deliberate racketeering conspiracy among" Defendants that targets Mr. Ingris due to his race. (ECF No. 1-1.) Mr. Ingris's conclusion that Defendants conspired against him does not plausibly follow from his factual basis for reaching that conclusion. Mr. Ingris's claims against First Data and the claims against Bank of America and Fitzsimmons are not related, except that Mr. Ingris disputes the charges all Defendants have assessed against him.

Generally, a district court may *sua sponte* dismiss a claim under Rule 12(b)(6) after service of process only if the plaintiff is afforded an opportunity to respond. *See Oatess v. Sobolevitch*, 914 F.2d 428, 430 n.5 (3d Cir. 1990). A *sua sponte* dismissal, however, may stand even if the

plaintiff is not provided notice and an opportunity to respond where it is clear that the plaintiff cannot prevail and that any amendment would be futile. *See Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (affirming district court's denial of motion for reconsideration and *sua sponte* dismissal of complaint on multiple grounds); *see also Bethea v. Nation of Islam*, 248 Fed. App'x 331, 333 (3d Cir. 2007). Here, while the Court did not provide notice to Mr. Ingris regarding the possibility of dismissal of his federal claims as to all Defendants, Mr. Ingris was on notice and submitted opposition to Defendant First Data's motion to dismiss these same claims. As such, Mr. Ingris had the opportunity to respond and present his arguments in response to First Data's motion. After review of the filing, the Court has no reason to believe that leave to file additional arguments would result in a different outcome.

Mr. Ingris's Complaint is a series of disjointed, conclusory allegations, none of which add up to a plausible claim under the federal statutes he cited. Mr. Ingris's conspiracy and racial discrimination claims against Defendants are completely implausible. His allegations of wrongdoing under the federal statutes asserted are nothing more than bald assertions and legal conclusions. Without these bald assertions and legal conclusions, Mr. Ingris's Complaint does not allege anything beyond his being subjected to ordinary charges based on contracts he signed or purchases he authorized. Consequently, Mr. Ingris's federal claims must be dismissed as to all Defendants.

### C.     Mr. Ingris's State Law Claims Will Be Remanded

Having dismissed all of Mr. Ingris's federal claims, the Court must determine the appropriate forum for his state law claims. When a district court dismisses all claims over which it has original jurisdiction before trial, it cannot continue to exercise supplemental jurisdiction over state law claims unless "considerations of judicial economy, convenience, and fairness to the

parties provide an affirmative justification for doing so." *Bright v. Westmoreland Cnty.*, 443 F.3d 276, 286 (3d Cir. 2006) (internal quotations omitted).

Soon after this case was removed to federal court, the parties filed the motions presently before the Court. Other than those motions, the case has made little to no progress. Before the case was removed, the Superior Court of New Jersey had entered the State TRO and set down a order to show cause hearing date. Consequently, given the early stage of this litigation, the considerations listed above do not overcome the presumption against retaining jurisdiction. Therefore, since all of Mr. Ingris's federal claims must be dismissed, the Court remands this action to the Superior Court of New Jersey.

### IV. Conclusion

For the reasons set forth above, and for other good cause shown, it is hereby ordered that Mr. Ingris's application for a preliminary injunction is denied. Defendant First Data's motion to dismiss is granted in part, and Counts One, Two, Three, and Four of Mr. Ingris's Complaint are dismissed with prejudice for failure to state a claim. This case is remanded to the Superior Court of New Jersey. An Order consistent with this Opinion will be entered.

s/ Michael A. Shipp<br>
**Michael A. Shipp**<br>
**United States District Judge**

**Dated:** January 16, 2015